[Crim. No. 2984. Second Appellate District, Division Two.—July 2, 1937.]

THE PEOPLE, Respondent, v. HELEN WILLS LOVE, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—Appellant was convicted of murder of the second degree and appeals from the judgment and order denying a new trial.

At the time of her arraignment the defendant pleaded not guilty and not guilty by reason of insanity, which pleas were in the form and manner prescribed by section 1017 of the Penal Code. She was tried on her plea of not guilty, and a verdict of guilty of murder of the second degree was rendered by the jury at the conclusion of the trial, which lasted from the second day of March to the ninth day of March, 1937. After the jury had rendered its verdict, the defendant withdrew her plea of not guilty by reason of insanity.

The following proceedings were had in open court: ''Mr. Duckett: If the court please, at the time of arraignment the defendant entered a plea of not guilty by reason of insanity. If your Honor please, I move that the plea of not guilty by reason of insanity be dismissed and that the plea be waived. The Court: Do you consent to that, Mrs. Love? The de-

fendant: Yes. . . . The Court: That is satisfactory to you? The defendant: Yes. The Court: And you now withdraw and waive your plea of not guilty by reason of insanity? The defendant: Yes. The Court: . . . The record may so show. Time for sentence, counsel? Mr. Duckett: Yes, your Honor. . . . The Court: Friday morning, March 12th at the hour of 9 :30 a. m.''

On March 12th the pronouncement of judgment and sentence was continued to March 15th because the defendant, due to illness, was not present in court. On March 15th, due to the defendant's absence and illness, the court convened at the bedside of appellant, and after expressing a doubt as to the present sanity of the defendant, the court ordered that all proceedings be suspended and that her present sanity be submitted to a jury on the second day of April, 1937. At the beginning of court on the second day of April, 1937, defendant being present at the time, moved to reinstate her plea of not guilty by reason of insanity and a written motion to that effect was filed with the clerk of the court. The motion was submitted, but the trial proceeded with a jury to determine her present sanity. On this issue the jury, on the 5th day of April, 1937, returned a verdict finding defendant sane. Thereafter on the same day the court denied defendant's motion to restore her plea of not guilty by reason of insanity.

Appellant states that where one pleads not guilty and not guilty by reason of insanity the trial, although in two parts, is really but one trial, citing *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767]; *People* v. *Leong Fook,* 206 Cal. 64 [273 Pac. 779], and *People* v. *Lamey,* 103 Cal. App. 66 [283 Pac. 848], and that after the issue is once submitted to the jury, it is a question of fact for the jury to determine; that as the issue of whether the defendant was not guilty by reason of insanity is one of the issues in her defense, the court is without jurisdiction after the trial has started to permit any change of plea, and the defendant is not completely tried until the issue of his sanity or insanity is passed upon by the jury. There is no merit to this contention. ''The plea of insanity is, and of necessity must be, a plea of confession and avoidance.'' (*People* v. *Troche,* 206 Cal. 35, 44 [273 Pac. 767]; *People* v. *Williams,* 184 Cal. 590, 593 [194 Pac. 1019].) The defendant could withdraw her plea of not guilty by reason of insanity at any time.

The defendant cites subdivision 5 of section 1017 of the Penal Code, which reads as follows: " . . . 5. If he plead not guilty by reason of insanity: 'The defendant pleads that he is not guilty of the offense charged because he was insane at the time that he is alleged to have committed the unlawful act.' " And defendant contends that, "After the issue is once submitted to the jury, it is a question of fact for the jury to determine . . . and the court is without jurisdiction after the trial has started to permit any change of plea and the defendant is not completely tried until the issue of her sanity or insanity is passed upon by the jury." There is no merit in this contention. The issue as to her sanity or insanity had not yet been submitted to the jury. The defendant quotes the following language from *People* v. *Marshall*, 99 Cal. App. 224, at 228 [278 Pac. 258], "Where a plea of insanity is interposed as well as one of not guilty, notwithstanding a verdict of guilty upon the issue presented by the latter plea, until it shall have been determined that at the time of the commission of the offense the defendant was sane, the verdict is not complete nor is he found guilty for all purposes, but only upon condition that it be further decided that he was sane." But this in no way holds that the defendant may not change her plea or that she may not withdraw her plea of not guilty by reason of insanity.

 The defendant also contends that upon her motion for a new trial her plea of not guilty by reason of insanity should have been tried before the jury. But it was for the trial court to determine whether a new trial should have been granted. A jury had just determined that the defendant was sane. We are not prepared to say that there is any showing that the court violated its discretion in denying a new trial.

 The defendant contends that the evidence was insufficient to justify the verdict. There is substantial evidence to sustain the verdict, taken in connection with all the inferences reasonably to be drawn therefrom. (*Boland* v. *Gosser*, 5 Cal. App. (2d) 700 [43 Pac. (2d) 559]; *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *Engstrom* v. *Auburn Automobile Sales Co.,* █(Cal. App.) [69 Pac. (2d) 901].)

The defendant contends that there was no proof whatsoever of malice aforethought or any evidence warranting any greater verdict than manslaughter and that the court should have granted the motion for a reduction of the verdict. This is answered by what we have already said.

■ The defendant contends that she was denied due process of law in being tried by only eleven jurors, the other juror being intoxicated and incompetent. During the deliberations by the jury upon a verdict, one of the jurors became intoxicated. When this matter was called to the attention of the court by the bailiff, the court had the juror examined by a doctor who testified under oath in the presence of the defendant that in his opinion the juror was under the influence of an alcoholic beverage and that she was not able to properly perform her duties as a juror. Upon the stipulation of counsel for defendant and by the express consent of defendant, this juror was excused and the names of the two alternate jurors were placed in the box, from which the clerk drew the name of one of said alternate jurors, which juror then retired with the other jurors for deliberation upon the verdict.

The defendant contends that during the time the intoxicated juror sat on the jury the defendant was being tried by only eleven jurors; that it is a universal rule that misconduct on the part of the jury presumptively vitiates the verdict; that the doctor and the bailiff were unauthorized persons present in the jury room; that their presence rendered a mistrial mandatory; that in so far as the substitution of an alternate juror after the case is submitted to the jury is concerned, that such proceeding is unconstitutional, in violation of section 7, article I, and the due process clause of section 13, article I, of our state Constitution; and that section 1089 of the Penal Code in so far as it authorizes the substitution of an alternate juror after the jury has retired to deliberate is unconstitutional for the same reasons. There is no merit in any of these contentions. Substantially the defendant had a trial by twelve jurors. There isn't anything in the record to indicate that the doctor and the bailiff or either of them were present while the jury were deliberating on a verdict. Under the circumstances they were not unauthorized persons present in the jury room, and their presence did not render a mistrial · mandatory. The last

paragraph of section 1089 of the Penal Code relative to alternate jurors reads as follows: "If at any time, whether before or after the final submission of the case to the jury, a juror die or become ill, so as to be unable to perform his duty, or if a juror requests a discharge and good cause appears therefor, the court may order him to be discharged and draw the name of an alternate, who shall then take his place in the jury box, and be subject to the same rules and regulations as though he had been selected as one of the original jurors." We are of the view that this section is constitutional. The section was strictly followed by the court.

██ The defendant contends that the court erred in its rulings on the admission and exclusion of testimony, but this refers to proceedings on appellant's motion for a new trial. One of the grounds of said motion was that appellant was insane at the time of the commission of the offense and in support thereof appellant offered in evidence the medical report of Dr. Williams and Dr. Moore, which offer was objected to by the prosecution on the ground that it was not in the form of a sworn affidavit. The objection was sustained. Thereupon the defendant asked for additional time in which to have the report sworn to by the doctors, which request was denied. But the defendant had withdrawn her plea of not guilty by reason of insanity and the jury had found her to be sane on the day the motion was made. There has been no miscarriage of justice in this regard.

██ The defendant complains of an instruction which was given. But a like instruction was given in the case of *People* v. *Valencia,* 32 Cal. App. 631, 633 [163 Pac. 865], and the court there held that in no event could the defendant have been prejudiced thereby. (See, also, *People* v. *Selby,* 198 Cal. 426, 439 [245 Pac. 426].) We so hold here also.

██ The defendant claims error on the part of the court in refusing to give the following instruction requested by her: "You are instructed that the defendant in this case is entitled to the individual opinion of each member of this jury and that no member of this jury should vote for a conviction of the defendant because of the opinion of the other members of the jury so long as he has a reasonable doubt as to the guilt of the defendant." But the matter was fully covered by the court's own instructions and the refusal to give this instruction when viewed in connection with the

instruction actually given was not error. (*People* v. *Heath,* 79 Cal. App. 20, 26 [248 Pac. 1027]; *People* v. *Brooks,* 79 Cal. App. 519, 522 [250 Pac. 211].)

■ The defendant contends that she was automatically entitled to a new trial under section 1202 of the Penal Code, which reads: " . . . If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion within the time fixed for pronouncing judgment, or within the time to which the same is continued under the provisions of section eleven hundred and ninety-one of this code then the defendant shall be entitled to a new trial." The defendant was found guilty on March 9th, at which time she asked time for sentence, and the court postponed the pronouncing of sentence until March 12th. On March 12th the defendant was not in court on account of illness, being in a comatose condition, and therefore did not know the nature of the proceedings, required under section 1200 of the Penal Code, when a defendant is arraigned for judgment, and the matter was continued to March 15th. On March 15th defendant being in the same condition the court declared a doubt as to the present condition of sanity of the defendant and ordered all proceedings suspended and set the trial on this issue for April 2d. On April 2d, the defendant having fully recovered from her illness, the trial of her present sanity began and lasted until April 5th. On that date, after the jury had found her sane, the defendant presented her motion for a new trial. For the foregoing reasons the last point presented by the defendant on behalf of her appeal is untenable.

Judgment and order affirmed.

McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1937.