No. 14,920.

BOYD *v.* THE PEOPLE.
(116 P. [2d] 193)

Decided June 30, 1941. Rehearing denied July 28, 1941.

Mr. WILLIAM A. BLACK, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

Mr. DAVID BROFMAN, Amicus Curiae.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

PLAINTIFF in error, Thomas W. Boyd, to whom we hereinafter refer as defendant, was charged with the crime of assault to murder in an information filed in the district court of the City and County of Denver. When he appeared for arraignment November 4, 1940, the record discloses the following colloquy between the deputy district attorney and the court:

"Mr. Carraher: In this case, if your honor please, Mr. Sarchet, of Ft. Collins, has asked his appearance be entered on behalf of defendant, and that the plea of not guilty by reason of insanity at the time and since be entered, and that this man be sent to the psychopathic hospital.

"The Court: Is that what you want to do (addressing remarks to defendant)?

"Mr. Carraher: He is totally deaf.

"The Court: The court enters the orders as requested. What is he charged with?

"Mr. Carraher: Assault to murder.

"The Court: All right, so ordered. How are you going to tell him about it if he cannot hear what we are doing?

"Mr. Carraher: I suppose we will have to show it to him and let him read it. Counsel advises he stand mute in that case.

"The Court: So ordered."

The cause was set for trial December 10, 1940, at which time defendant transmitted the following letter to the court:

"Honorable Sir:

"Being handicapped of hearing, I have not been in contact with my friends or relatives, besides that fact, although pronounced insane by the hospital, I am fully aware my case *is* not been prepared as it should be.

"I am not satisfied with the apparent manner in which facts relative to my case are being handled, and in fact know nothing for sure about how they are being handled.

"Therefore I do not wish to enter any plea, stand any hearing or trial until I can enter a new counsel in my case.

"My mention of the above facts, if it may please your honor, I would beg the court for a continuance of the hearing at this time, any reasonable amount of time will be entirely appreciated, which will enable me to employ new counsel and contact my friends and relatives in other states.

"Thanking you for your kind consideration in this matter, I remain

Respectfully,

Thomas W. Boyd."

On the same day, before trial, certain objections were made by counsel for defendant which, with the rulings thereon by the court, are as follows:

"Mr. Sarchet: Before the jury is called I wish to make an objection to this proceeding on behalf of the defendant Boyd for the reason that he himself did not enter a plea of not guilty by reason of insanity, either in person or by attorney, and that he insists that he be allowed to go to trial not on the hearing of insanity but upon the case of which he is charged, with assault to murder. For the purpose of the record I want to make that objection before the case begins.

"The Court: Has the district attorney anything to say?

"Mr. Brofman: We are ready to proceed on the insanity issue.

"The Court: The court has the record and files in the case and the reports of the doctors herein. I also have a letter from the defendant dated December 10th, all of which will be put in the record. The court finds and rules that he go on trial upon that issue, and let the jury decide the question.

"Mr. Sarchet: The record as it is shows that the court on its own behalf entered the plea of insanity.

"The Court: How is that?

"Mr. Sarchet: The court on its own motion heretofore entered a plea for the defendant of not guilty by reason of insanity. That was entered by the court.

"The Court: Well, that is regular and proper. A great many people are in fact insane, but they claim they are not.

"Mr. Sarchet: Oh, yes.

"The Court: There is nothing unusual about that.

"Mr. Sarchet: But I want to get the record straight. The defendant objects to this proceeding.

"The Court: The record may so show. After due consideration the motion is overruled.

"Mr. Brofman: "Does your honor desire I go ahead and present the evidence?

"The Court: So ordered."

Thereafter defendant was tried on the plea of "not guilty by reason of insanity at the time of the alleged commission of the crime and since," resulting in the following verdict: "We, the jury, find that on the 26th day of October, A.D. 1940, Thomas W. Boyd was insane."

October 26, 1940, is the date on which the crime is laid in the information. Upon the verdict so returned judgment was entered committing defendant to the Colorado State Hospital for the Insane, as provided by section 510, chapter 48, '35 C.S.A. From this judgment defendant is here by writ of error, seeking a reversal. We have concluded to decide the issues raised on the application for supersedeas.

 The record clearly discloses that defendant, on being arraigned, stood mute, and that the court entered the plea of "not guilty by reason of insanity at the time of the commission of the crime and since." The court was without authority to enter such a plea under the circumstances disclosed by this record. The only plea that the court, under the circumstances, could properly enter for defendant was a plea of "not guilty." '35 C.S.A.,

c. 48, §483. Moreover, a plea to an information by a prisoner can only be made orally by defendant or his counsel. '35 C.S.A., c. 48, §§479, 507. A message from counsel for defendant to the prosecuting attorney, authorizing the entry of a plea, does not authorize the acceptance of such a plea by the court. Whether by defendant or his counsel, the plea must be entered orally and in open court. Under no circumstances can the court, on its own motion, enter the plea of not guilty by reason of insanity. Such a plea is in the nature of confession and avoidance. *People v. Love,* 21 Cal. App. (2d) 623, 70 P. (2d) 202. The defense can only be raised by special plea. Weihofen on Insanity as a Defense in Criminal Law, p. 258. Defendant had an absolute right to be tried on the plea of not guilty to the charge in the information, and he did nothing to waive this right. If the public safety requires commitment of any person because of his mental condition, other procedure is provided. Section 3, chapter 105, '35 C.S.A. The overruling of the objection of counsel for defendant to a trial on the insanity plea entered by the court constituted prejudicial error.

The judgment is reversed and the case remanded with directions to permit defendant to plead as he may be advised, and for such further proceedings as are authorized by law.

### On Petition for Rehearing.

This opinion in no manner interferes with the time-honored rule that the discretion of a trial judge extends to the prevention of the trial of a defendant whom the judge believes insane, or as to whose sanity there is grave doubt, until that question be duly resolved.

The petition for rehearing is denied.