[Crim. No. 886. Fifth Dist. Feb. 23, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL CLARENCE GREEN, Defendant and Appellant.

## COUNSEL

William K. Triplett, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Edsel W. Haws and Edward W. Bergtholdt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GINSBURG, J.\***—This is an appeal from a judgment based upon the verdict of a jury of guilty of murder in the first degree.

Defendant was charged with the murder of one Walter Lee Perry, in violation of Penal Code section 187.

The evidence showed that prior to April 8, 1969, the date of the alleged offense, the defendant and the victim had been friends. They had commuted to work together in a car pool. On the morning of the killing, an altercation arose between the victim and the defendant on the way to work. This altercation resulted in a fight, in which the defendant was badly beaten. After the fight, defendant and the victim continued arguing and each threatened the other and threatened to arm himself against the other.

Subsequently, the victim went to work and the defendant went to dress his wounds. After taking care of his wounds, the defendant endeavored to secure a criminal complaint against the victim. Both an investigator from the sheriff's office and a deputy from the office of the district attorney refused to issue such a complaint.

The defendant then told his common law wife that he intended to kill the victim and to do this it would be necessary for him to drive to the job site where the victim was then working and where the defendant had been working up to that day. He further informed her that he wanted her to go with him so that she would be available to drive the automobile home. They then went to the home of his wife's mother, where they left their child; here, before the wife's mother, the defendant repeated his threats to kill the victim. Defendant and his wife then drove to the job site.

Upon arriving at the job site where the victim was working, defendant

---

\*Assigned by the Chairman of the Judicial Council.

got out of his car and fired six shots at the victim, two of which took effect and resulted in his death. The evidence showed that the defendant had trapped the victim in an enclosure; that the victim was unarmed; that the victim attempted first to hide behind some machinery and, when that failed, to escape from defendant by climbing the side of a quarry.

Defendant pleaded not guilty and not guilty by reason of insanity. After a finding of guilt in the guilt phase of the trial, a delay of several days was had and an alternate juror was substituted in place of one of the original jurors. The sanity phase of the trial then proceeded, and defendant was found to have been sane at the time of killing the victim.

Defendant makes several specifications of error.

## (I)

Defendant's first contention of error is that the court erred in denying his motion to dismiss counsel without giving him an opportunity to present evidence thereon.

After the guilt phase of the trial was completed, and before the sanity phase of the trial was commenced, the defendant made a motion before the court to dismiss his counsel. A letter received from the defendant was introduced by his counsel, in which letter the defendant stated that he wished new counsel. The court gave the defendant an opportunity to state his grounds for wanting new counsel. The defendant stated simply that he did not feel that he had been properly represented at the guilt phase of the trial and wanted new counsel to represent him in the sanity and penalty phases of the trial. He gave no particular reason for this feeling.

The court considered the defendant's statement, advised him that his counsel was an outstanding criminal defense attorney, and urged him to reconsider his position. The defendant stated: "Well, if me and the counsel might have a talk about this. We haven't what you say, just—" The court then dropped the matter with the suggestion that Mr. Green and his counsel talk over the matter.

In *People* v. *Marsden*, 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], the Supreme Court points out that in considering a defendant's request to discharge counsel, the trial court must listen to his reasons and examine the grounds. In *People* v. *Bourland,* 247 Cal.App.2d 76, 85 [55 Cal.Rptr. 357], the court stated: "A defendant's right to a court-appointed counsel does not include the right to require the court to appoint more than one counsel, except in a situation where the record clearly shows that the first appointed counsel is not adequately representing the accused [citations omitted]."

In the instant case, the trial court listened to such reasons as the defendant gave for the request to have new counsel appointed. Nothing in the reasons of the defendant, or in the record before this court, indicates that his counsel did not adequately represent him. To the contrary, both the record and the judge in his statements indicate the representation received by the defendant was skillful and adequate.

Under the circumstances, it was not an abuse of discretion for the trial court to deny his motion to dismiss counsel.

## (II)

 Defendant next contends that by reason of the excusing of a juror subsequent to the guilt phase and appointing an alternate juror to sit during the sanity and penalty phases of the trial, the defendant did not receive due process. He bases this contention upon the argument that the defendant did not have a "balanced" jury in that he had neither a new jury nor the same jury that had tried the guilt phase in the trial of the latter two phases of the case. For this reason, he states, his counsel in the sanity and penalty phases was unable to present a case properly to what he contends were two types of jurors: the eleven jurors who had already deliberated and voted upon the defendant's guilt and the one juror who had heard all of the evidence but had not been permitted to discuss the case with anyone.

 Penal Code sections 1026 and 190.1 appear to require the same jury, or a complete new jury, to determine the issues of sanity and penalty.[1] But the substitution of an alternate juror for one of the original jurors does not change the character of the jury. Penal Code section 1089 specifically provides for the selection of alternate jurors under appropriate circumstances.[2] It has been established that ". . . a verdict by 12 jurors, one of whom was originally an alternate juror, is a verdict of the jury originally sworn to try the case." (*People* v. *Burns,* 84 Cal.App.2d 18, 32 [189 P.2d

---

[1] In section 1026 the relevant portion is: "If the jury shall find the defendant guilty, . . . then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury *in the discretion of the court.*"

In section 190.1 the language is: "If the defendant was convicted by a jury, the trier of fact shall be the same jury unless, for good cause shown, the court discharges that jury in which case a new jury shall be drawn to determine the issue of penalty."

[2] The relevant portion of section 1089 is: "If at any time, whether before or after the final submission of the case to the jury, a juror dies or becomes ill, or upon other good cause shown to the court is found to be unable to perform his duty, or *if a juror requests a discharge and good cause appears therefor,* the court may order him to be discharged and draw the name of an alternate, who shall then take his place in the jury box, and be subject to the same rules and regulations as though he had been selected as one of the original jurors." (Italics added.)

868].) In *People* v. *Love,* 21 Cal.App.2d 623 [70 P.2d 202], the court upheld the constitutionality of the provision of section 1089 of the Penal Code permitting the substitution of a juror, even where the substitution was made after the submission of the case to the jury.

In the instant case, the evidence showed that the trial judge excused one of the original jurors at her request from attendance during the sanity and penalty phases of the trial on the basis that she was moving from the State of California. This is "good cause," within the meaning of Penal Code section 1089, for ordering the juror to be discharged, and the substitution of the alternate juror continued the trial by the original jury within the meaning of the section and the cases above cited. No error is found in this procedure.

## (III)

Defendant lastly contends that the court erred in not instructing upon its own motion with respect to what defendant contends is the lesser included offense of dueling.[3]

It is true that the court is required to give instructions *sua sponte* where there is evidence which could absolve the defendant from guilt of a greater offense or a degree, but would support a finding of guilty of a lesser degree or of a lesser and included offense. (*People* v. *Morrison,* 228 Cal.App.2d 707, 712 [39 Cal.Rptr. 874], and cases cited therein.) The question presented is whether the offense of dueling is a lesser included offense in a charge of murder. Over 100 years ago, in the case of *People* ex rel. *Terry* v. *Bartlett* (1860) 14 Cal. 651, the court held that fighting a duel with fatal results is not murder within the California statutes but rather a special offense under the dueling act.

The facts in the instant case are more of an illustration of the difference between dueling and murder than an example of the similarity. Here, although there was some suggestion that the parties would arm themselves and there was a previous quarrel, at the time of the actual killing the victim was unalerted by any previous agreement, completely unarmed with a deadly weapon and trapped and unable to escape; there was the antithesis of "combat" by previous agreement or upon a previous quarrel.

---

[3]Penal Code section 225 defines a duel: "A duel is any combat with deadly weapons, fought between two or more persons, by previous agreement or upon a previous quarrel."

Thus, it was not error to fail to give an instruction on dueling as an included offense.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.