## No. 28088

**David Manual Labor v. George M. Gibson, District Court Judge, Fourth Judicial District, State of Colorado**

(578 P.2d 1059)

Decided May 22, 1978.

John A. Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Kathleen A. Carlson, Deputy, for petitioner.

The Honorable George M. Gibson, pro se.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner David Manual Labor brings this original proceeding pursuant to C.A.R. 21 and seeks a writ prohibiting the respondent trial judge from entering a plea of not guilty by reason of insanity on his behalf. We issued our rule to show cause and now make the rule absolute.

The petitioner was convicted by a jury in El Paso County District Court of second-degree assault, section 18-3-203(1)(b), C.R.S. 1973, on January 19, 1978. After the verdict was entered, the respondent judge ordered the petitioner to be examined to evaluate both his present mental competence and his sanity at the time of the offense. The examining psychiatrist reported to the court that he believed the petitioner was incompetent to proceed with the criminal process at that time, as well as having been insane at the time the offense was committed.

Upon the petitioner's request, the respondent judge ordered a hearing before another judge on the petitioner's competency to proceed with the criminal process. A hearing was held on March 9 before the Honorable Patrick M. Hinton. The psychiatrist who had seen the petitioner earlier testified and reiterated his incompetency finding. A second court-ordered psychiatrist testified that he believed the petitioner to be competent, but did not express any opinion on his sanity at the time of the criminal offense. At the conclusion of the hearing, Judge Hinton determined that the petitioner was mentally competent to proceed.

On March 15, 1978, the respondent judge directed that a plea of not guilty by reason of insanity be entered on behalf of the petitioner and set a trial on the issue on May 15. The petitioner and his counsel objected to the entry of this plea. The judge then reappointed the second psychiatrist to examine the petitioner as to his sanity at the time of the commission of the second-degree assault offense.

█ Initially, it is important to recognize that the petitioner has been determined to be mentally competent to proceed in this case. A trial judge has an independent obligation to raise the competency issue at any stage of a criminal proceeding if he has a reasonable doubt as to the defendant's competency. *Parks v. District Court,* 180 Colo. 202, 503 P.2d 1029; *Leick v. People,* 136 Colo. 535, 322 P.2d 674, *cert. denied,* 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366. In the present case, the respondent judge appropriately exercised his discretion and ordered a competency hearing after the jury verdict but prior to sentencing. After a hearing held pursuant to sections 16-8-110 and 16-8-111, C.R.S. 1973, petitioner was determined to be mentally competent. Thus, petitioner has sufficient present ability to understand the nature and course of the proceedings against him, to participate and assist in his defense, and to cooperate with his attorney. *See* section 16-8-102(3), C.R.S. 1973; *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824.

█ Insanity at the time of the criminal offense is, of course, an entirely different matter from present mental competency to proceed with the criminal process. Legal insanity at the time of the criminal offense is a complete defense to the criminal charge. *Parks v. District Court, supra.* Crim. P. 11(e)(1) and section 16-8-103(1), C.R.S. 1973, specify, in identical language, the procedure by which a plea of not guilty by reason of insanity is normally to be entered. In pertinent part, the language reads:

"(1) The defense of insanity may only be raised by a specific plea entered at the time of arraignment; except that the court for good cause shown may permit the plea to be entered at any time *prior* to trial. The form of the plea shall be: 'Not guilty by reason of insanity'; and it must be pleaded orally either *by the defendant or by his counsel.* * * *" (Emphasis added.)

Subsection (2) of the same criminal rule and criminal procedure statute prescribes one other method by which the plea of not guilty by reason if insanity can be entered. The defense counsel may, over the defendant's objection, inform the court that he or she believes that a plea of not guilty by reason of insanity should be entered. The trial court must then conduct an investigation and may decide to enter the plea if it is "necessary for a just determination of the charge against the defendant." Crim. P. 11(e)(2); section 16-8-103(2), C.R.S. 1973.[1]

In sum, neither Crim. P. 11(e) nor section 16-8-103 gives a trial court the authority to enter a plea of not guilty by reason of insanity when it has not been requested by the defendant or his counsel. This court has held that: "Under no circumstances can the court, on its own motion, enter the plea of not guilty by reason of insanity. Such a plea is in the nature of confession and avoidance." *Boyd v. People,* 108 Colo. 289, 116 P.2d 193. In addition, it is now well-settled that Crim. P. 11, including subsection (e) must be liberally construed in favor of the defendant. *Ellis v. District Court,* 189 Colo. 123, 538 P.2d 107.

In the present case, the petitioner entered a plea of not guilty and conducted his defense on this theory. No testimonial or other evidence was introduced by him at trial to support an insanity defense. In addition, at no time did the defense counsel inform the court that she believed that a plea of not guilty be reason of insanity should be entered. Under these circumstances, it is clear that the respondent judge had no power to enter the plea over the objection of the defendant and his counsel.

There are several important consequences of being acquitted of an offense by reason of insanity. The issues raised by a plea of not guilty by reason of insanity are tried separately from the criminal charges to a different jury and the insanity issue is tried first. Section 16-8-104, C.R.S. 1973.[2] If a defendant is found by the trier of fact to be not guilty by reason of insanity, "the court shall commit the defendant to the custody of the department of institutions until such time as he is found eligible for release." Section 16-8-105(4), C.R.S. 1973. Although a procedure is provided in section 16-8-115, C.R.S. 1973, by which a defendant can gain his release from commitment, it is certainly possible that he might be committed for a longer period of time than he would serve in a correctional institution under a sentence for the second-degree assault.

---

[1] This section was held to be constitutional in *Les v. Meredith,* 193 Colo. 3, 561 P.2d 1256.

[2] In the present case, the trial court ordered a separate trial on the sanity issue *after* the judgment of conviction had been entered against the petitioner. Since we hold that the trial court had no authority to enter the insanity plea, we do not reach the question of whether a trial of the insanity issue may be held after a trial on the merits.

■ Thus, a defendant may strategically decide not to enter a plea of not guilty be reason of insanity, due to the possible greater length of confinement as well as to the probable social stigma of being adjudged to be insane. So long as the defendant is determined to be presently mentally competent, it should be left up to the defendant and his counsel to make the tactical choice of whether to utilize this affirmative defense. *See A. Goldstein, The Insanity Defense* 167 (1967). Only in the limited circumstances outlined in Crim. P. 11(e)(2) and section 16-8-103(2), C.R.S. 1973, is the trial court authorized to enter a plea of not guilty by reason of insanity on behalf of a defendant.[3]

In summary, we hold that the district court had no power to enter the plea of not guilty by reason of insanity in the circumstances of this case.

The rule is made absolute and the district court is directed to vacate the entry of the insanity plea and to proceed with sentencing.

MR. CHIEF JUSTICE PRINGLE does not participate.

---

[3] The issue of whether a defendant may enter a plea of not guilty by reason of insanity after a trial and a verdict of guilty is not before us.