641 P.2d 298 (1981)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
David Lee BENNS, Defendant-Appellant.
Nos. 80CA0380, 80CA0750.
Colorado Court of Appeals, Div. III.
November 12, 1981.
Rehearing Denied December 17, 1981.
Certiorari Denied February 16, 1982.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy *299 State Public Defender, Denver, Kenneth M. Plotz, Deputy State Public Defender, Salida, for defendant-appellant.
KELLY, Judge.
The defendant, David Benns, was adjudicated not guilty by reason of insanity in 1972, and was convicted of escape in 1975 and escape and sexual assault in 1977 following a plea of guilty in each case. In 1980, defendant filed separate motions to set aside these convictions, alleging that because of his adjudication of insanity in 1972, he was "legally incapacitated" to enter a guilty plea and the trial court could accept only a plea of not guilty by reason of insanity. His motions were denied, and the two proceedings were consolidated on appeal. We affirm.
In 1974, Benns was charged with escape from the Colorado State Hospital and pled not guilty by reason of insanity. The psychiatrist who examined Benns concluded that he was sane, and upon consideration of the psychiatrist's report, Benns withdrew his plea of not guilty by reason of insanity and entered a plea of guilty. He was sentenced to the Colorado State Reformatory in 1975 for an indeterminate to forty month term.
Benns escaped from Buena Vista in 1976 and was charged with kidnapping, sexual assault, burglary, and escape. Benns first pled not guilty, then entered a plea of not guilty by reason of insanity. The psychiatrist who examined him concluded he was sane, and Benns then withdrew his insanity plea and entered a plea of guilty pursuant to a plea bargain. The trial court sentenced Benns to the Colorado State Penitentiary for five to forty years for escape and one day to ten years for sexual assault, to be served concurrently with one another and consecutively with the sentencing for the 1975 conviction.
Benns raises an issue not previously considered in Colorado. Relying on People v. Gillings, 39 Colo.App. 387, 568 P.2d 92 (1977), he argues that since he had been adjudicated insane in 1972, the trial court could accept only a plea of not guilty by reason of insanity unless there had been compliance with the statutory procedure for release from commitment. It is uncontested that since the 1972 insanity adjudication, Benns has not been found eligible for release from the state hospital pursuant to § 16-8-115, C.R.S.1973 (1978 Repl.Vol. 8), nor has he been discharged pursuant to § 16-8-116, C.R.S.1973 (1978 Repl.Vol. 8), which provides for uncontested discharge by the hospital staff. We reject defendant's argument.
In Gillings, a sharp distinction was drawn between insanity and incompetency: "Insane persons are ... not necessarily incompetent to stand trial because of the fact of their insanity." Benns does not assert in any way that he was incompetent. Indeed, he specifically asserts his competency, and neither trial court had any reason to doubt it. Both psychiatric reports found Benns sane, and Benns made the calculated choice to withdraw his plea of not guilty by reason of insanity after reviewing those reports.
When a defendant is competent to proceed, the tactical choice whether to utilize the affirmative defense of insanity should be left up to the defendant and his counsel. Only in the limited circumstances outlined in § 16-8-103(2), C.R.S.1973 (1978 Repl.Vol. 8) is the trial court authorized to enter a plea of not guilty by reason of insanity on behalf of a defendant. Labor v. Gibson, 195 Colo. 416, 578 P.2d 1059 (1978). Benns had the choice to go forward on his plea of not guilty by reason of insanity or to withdraw it and enter a plea of guilty in each case. We will not deny this choice to a competent defendant.
Judgments affirmed.
PIERCE and VAN CISE, JJ., concur.