The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gwen E. HENDRICKS, Defendant–
Appellant.

No. 94CA0168.

Colorado Court of Appeals,
Div. IV.

Feb. 5, 1998.

Rehearing Denied March 19, 1998.

Certiorari Granted March 15, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Shelley Gilman, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

In these consolidated appeals, defendant, Gwen Hendricks, appeals the judgment of conviction entered upon a jury verdict finding her guilty of first degree murder and the denial of her Crim. P. 35(c) motion. We affirm.

According to evidence presented by the prosecution, defendant experienced premonitions that her husband would die in a plane crash and that she would use the insurance proceeds from his death to establish a ranch for abused children. Later, she shot and killed her husband.

## I.

Defendant first contends that the trial court erred in refusing to hold an evidentiary hearing to determine whether a plea of not guilty by reason of insanity should have been entered over her objection. She argues that the provisions of § 16–8–103(2) and § 16–8–103.5(2), C.R.S.1997, require an evidentiary hearing during which a defendant is allowed to present witnesses to testify concerning the issues. We disagree.

Although a trial court is required by the statutes to hold a hearing prior to determining if an insanity plea should be entered on a defendant's behalf, the statutes are silent as to the scope of the hearing the court is obliged to conduct. We conclude that under § 16–8–103(2) and § 16–8–103.5(2) a defendant is entitled to a hearing that affords due process. *See People v. Mack,* 638 P.2d 257 (Colo.1981); *People v. Matthews,* 662 P.2d 1108 (Colo.App.1983)(due process is violated if defendant not afforded adequate hearing upon allegation of incompetency).

Initially, we note that the duty imposed on a trial court by § 16–8–103(2) and § 16–8–103.5(2) in determining whether to enter an

insanity plea over a defendant's objection is substantially similar to that established by the courts of other jurisdictions interpreting the common law. Thus, we find their decisions persuasive in determining the scope of the trial court's duty in conducting a hearing to determine the appropriate plea to be entered.

■ A trial court has an independent obligation to raise the issue of a defendant's competency at any stage of a criminal proceeding if the court has reason to believe he or she is incompetent. Section 16–8–110(2)(a), C.R.S.1997; *Labor v. Gibson*, 195 Colo. 416, 578 P.2d 1059 (1978). However, the court does not have the authority to enter an insanity plea if it has not been requested by the defendant or defense counsel. *Boyd v. People*, 108 Colo. 289, 116 P.2d 193 (1941).

■ If defense counsel informs the trial court that he or she believes that an insanity plea should be entered over a defendant's objection, the court must conduct an investigation of that issue. After such initial investigation, the court is required to hold a hearing to determine whether entry of such a plea is "necessary for a just determination of the charge against the defendant." Sections 16–8–103(2) & 16–8–103.5(2); *Labor v. Gibson, supra.*

■ The decision to enter an insanity plea over the defendant's objection rests within the trial court's discretion. Sections 16–8–103(2) and 16–8–103.5(2); *Frendak v. United States,* 408 A.2d 364 (D.C.App.1979). *See also Les v. Meredith,* 193 Colo. 3, 561 P.2d 1256 (1977)(no violation of an accused's rights for a trial court to have the ability to enter an insanity plea over objection).

■ Nevertheless, fundamental decisions regarding what plea to enter, whether to waive a jury trial, and whether to testify on one's own behalf rest ultimately with the accused. *People v. Moody,* 630 P.2d 74 (Colo.1981). A defendant who is competent to proceed may decide, for personal or other reasons, not to enter an insanity plea. *See People v. Benns,* 641 P.2d 298 (Colo.App. 1981); *United States v. Marble,* 940 F.2d 1543 (D.C.Cir.1991); *Frendak v. United*

*States, supra* (competent defendant has sole discretion whether to assert insanity defense so long as he or she has specific capacity to reject the defense).

In *Frendak v. United States, supra,* the reviewing court determined that if there exists a question as to a defendant's mental accountability for an offense, a trial court has the discretion to enter an insanity plea over the defendant's objection if, after a hearing, it finds that the defendant is incapable of intelligently and voluntarily waiving an insanity defense.

During such hearing, the court must assure itself that the defendant understands the consequences of his or her decision. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)(standard for accepting a plea is whether it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant).

■ A defendant's competency and desire not to enter an insanity plea are primary factors in making this determination. *See U.S. v. Marble, supra* (competent defendant must be allowed to accept personal responsibility for offense). Other factors to be considered include whether a defendant understands the consequences of his or her choice and whether the defendant has been fully informed of the alternatives available and freely chooses to waive or assert the plea or defense.

A trial court may also discuss with the defendant his or her understanding of the alternatives and consequences and weigh the reasons expressed by the defendant and his or her demeanor. Additionally, the court may order psychiatric evaluations to determine defendant's mental condition. *Frendak v. United States, supra; Treece v. State,* 313 Md. 665, 547 A.2d 1054 (1988).

■ Thus, we conclude that a defendant must be afforded a hearing under § 16–8–103(2) or § 16–8–103.5(2) at which a trial court assures itself that the defendant is voluntarily and intelligently waiving the right to enter an insanity plea or assert an impaired mental condition defense.

■ Here, on November 25, 1991, over her objection, defendant's court-appointed counsel attempted to enter a plea of not guilty by reason of insanity and to assert the affirmative defense of impaired mental condition. Pursuant to § 16–8–103(2) and § 16–8–103.5(2), the trial court ordered an investigation as to the propriety of such defenses and defendant was committed to a mental health institute for a psychiatric evaluation. The psychiatrist who examined defendant opined that she was competent to proceed but stated that he was unable to advise the court as to the propriety of entering an insanity plea or asserting an impaired mental condition defense.

At a hearing held on April 24, 1992, the trial court rejected the insanity plea and the impaired mental condition defense offered by defense counsel. In reaching its decision, the trial court reviewed a psychological assessment, a psychiatric evaluation done while defendant was committed, and the report of another psychiatrist submitted by defense counsel. It also engaged in a lengthy discussion with defendant concerning her right to enter a plea, the different plea options she had, and the consequences of proceeding with such options.

Defendant acknowledged her understanding of the pleas available to her and affirmed her desire to enter a not guilty plea in spite of her attorneys' advice. The prosecutor and defense counsel were permitted to argue their positions. Thereafter, the trial court determined that defendant was competent and rejected her attorneys' offer of an insanity plea and the assertion of the impaired mental condition defense and entered the plea of not guilty proffered by defendant personally.

On the record before us, we conclude that the trial court afforded defendant an adequate hearing under § 16–8–103(2) and § 16–8–103.5(2) and made the requisite findings in support of entering defendant's plea of not guilty.

II.

Defendant also contends that the district court erred in denying her Crim. P. 35(c) motion based on ineffective assistance of counsel. We are not persuaded that the representation afforded by trial counsel, who entered his appearance after previously appointed defense counsel had withdrawn, was so deficient as to cast reasonable doubt on the fundamental fairness of the trial.

■ In a Crim. P. 35(c) proceeding, the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed. The burden is upon the movant to establish by a preponderance of the evidence the allegations of the motion for post-conviction relief. If the evidence supports the district court's findings and order, its decision will not be disturbed on review. *Kailey v. Colorado State Department of Corrections,* 807 P.2d 563 (Colo.1991).

■ One who asserts a claim of ineffective assistance of counsel bears the burden to show that the attorney's assistance was outside the broad range of competence demanded of attorneys in criminal cases under prevailing professional norms and that such deficient performance prejudiced his or her case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Garcia,* 815 P.2d 937 (Colo.1991).

■ In order to establish prejudice, the movant must show there is a reasonable probability that, but for counsel's substandard representation, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *People v. Garcia, supra; People v. Palmer,* 888 P.2d 348 (Colo.App.1994).

A.

Defendant first argues that her trial attorney's performance was ineffective because he failed to raise and pursue the issue of her incompetency.

■ An attorney owes a defendant the duties of loyalty, to advocate the defendant's cause, to consult with the defendant on important decisions, and to keep the defendant apprised of significant developments in the case. *Strickland v. Washington, supra;*

*Hutchinson v. People,* 742 P.2d 875 (Colo. 1987).

██ If defense counsel has reason to believe that his or her client is incompetent, then counsel is obliged to bring this matter to the trial court's attention even though it might be to the defendant's disadvantage. *Jones v. District Court,* 617 P.2d 803 (Colo. 1980).

██ Strategic decisions concerning the defense of the case, are within the exclusive domain of defense counsel after consultation with his or her client. *People v. Tackett,* 742 P.2d 957 (Colo.App.1987).

Here, at the time the originally appointed defense counsel attempted to enter an insanity plea and to assert the affirmative defense of impaired mental condition over defendant's objection, the trial court ordered defendant committed for evaluation. In its order for evaluation, the court requested a written report with a diagnosis and prognosis of defendant's physical and mental condition and whether she suffered from a mental disease or defect. If so, the psychiatrist was to express an opinion whether such disease or defect rendered her incompetent to proceed, incapable of understanding the nature and course of the proceedings, or unable to assist in her defense; and whether an insanity plea was necessary for a "just determination of the charge" against her.

Following the evaluation and based on the reports before it, the trial court determined that defendant was competent and, thus, had the right to enter the plea she desired.

At another hearing on May 21, 1992, the original defense counsel raised the issue of defendant's competency to proceed. Defendant was again committed for an evaluation of her competency.

At the request of defense counsel, a competency hearing was held before a different judge on September 4, 1992. This court found defendant to be incompetent, and she was committed for further treatment.

On January 4, 1993, trial counsel attempted to enter his appearance on defendant's behalf for the limited purpose of representing defendant at "emergency proceedings." The court denied his motion.

The prosecution filed a motion on January 26, 1993, requesting a review of defendant's refusal of treatment and an order authorizing involuntary treatment. An affidavit of defendant's treating physician was attached in support of the motion. This motion was withdrawn March 30, 1993, at the physician's request.

Defendant's treating physician subsequently filed a report with the trial court in which she concluded that defendant had been restored to competency. Based on this report and newly-appointed trial counsel's motion, the court, after a hearing on June 15, 1993, determined that defendant was restored to competency. It informed both parties that they were under a continuing obligation to inform the court if there was any evidence of a relapse by defendant.

██ In its order denying defendant's Crim. P. 35(c) motion, the district court found that defendant believed in her innocence and did not want her competency placed in issue, and that trial counsel believed that his client was competent. The court additionally found that it was undisputed that defendant was capable of understanding the nature and course of the proceedings against her. The court then determined that trial counsel was not obliged to bring to the court's attention an issue he did not believe existed. It also determined that there was no evidence to support a finding that defendant had become incompetent after the trial court made its determination that she had been restored to competency at the June 1993 hearing. Additionally, the court found that defendant assisted in her defense and cooperated with her trial counsel.

Accordingly, we conclude that the trial court did not err in determining that trial counsel's performance was not deficient in making the decision not to raise the issue of defendant's competency.

B.

██ Defendant next argues that trial counsel's ineffective representation in failing to call a material witness and present crucial

evidence at a hearing on a motion to suppress statements she had made during the course of the investigation requires vacation of her conviction. We disagree.

Here, the district court determined that trial counsel's performance, though ineffective, did not result in prejudice to defendant. Even if counsel had presented the witness' testimony and other evidence of the events surrounding the giving of defendant's statements in a successful effort to suppress them, in light of overwhelming independent evidence that defendant committed this offense, there was no reasonable probability that the outcome of the trial court would have been different.

We perceive no error or abuse of discretion in that determination.

### C.

 We likewise reject defendant's argument that the provision in the fee agreement between defendant and her trial counsel requiring the attorney not to contest her competency and the unwritten agreement providing for the attorney to receive 50% of any media rights and all further social security disability payments require reversal.

Here, the district court determined that the attorney's agreement not to challenge defendant's competency fell below the range of effective performance required of attorneys. Nevertheless, the court also determined that because trial counsel believed defendant to be competent and because she was determined by the court to be competent, defendant failed to show that this provision prejudiced her case. Once again, we agree with the trial court's reasoning in this regard.

The attorney testified at the Crim. P. 35(c) hearing that he abandoned the fee agreement when he was made aware of its impropriety and that he informed defendant of his action. Accordingly, we find no prejudice to defendant's case.

### D.

 In response to defendant's assertion that her trial counsel interfered with the representation by court-appointed counsel, the district court found that defendant made the initial contact and had expressed her dissatisfaction with her court-appointed attorneys before she spoke with trial counsel. Although trial counsel attempted to appear in a limited capacity for defendant at one hearing, he was precluded from doing so. Subsequently, he did not enter an appearance for defendant until the court-appointed attorneys had withdrawn from the case. The district court concluded that, under these circumstances, trial counsel did not interfere improperly with the representation of the attorneys first appointed for defendant.

In summary, the district court made detailed and extensive findings in determining that, while defense counsel's performance fell below the broad range of competency expected from him in certain areas, such deficiencies did not result in prejudice to defendant. Its determination is supported by the record. Thus, we conclude that the trial court did not err in denying defendant's Crim. P. 35(c) motion.

The judgment and order are affirmed.

STERNBERG, C.J., and JONES, J., concur.