STATE, Respondent, v. McCREDDEN, Appellant.

*January 10—January 31, 1967.*

662

For the appellant there were briefs by *Schwemer & Schwemer* of Milwaukee, and oral argument by *Paul E. Schwemer.*

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

CURRIE, C. J. This appeal presents the question of the proper procedure to be followed where the issue of an accused's mental competency to stand trial is raised at the point in a criminal prosecution when he is brought before a magistrate following arrest for a felony. It is a question of first impression in this court.

The statute applicable to the instant action is sec. 957.13, the first three sections of which provide as follows:

"(1) If the court is reliably advised before or at his trial or after conviction and before commitment that the defendant is probably insane or feeble-minded, the court shall in a summary manner make inquiry thereof.

"(2) If the court finds that the defendant as a result of mental illness or deficiency lacks capacity to understand the proceedings against him or to assist in his own defense, his trial or sentence or commitment to prison shall be postponed indefinitely and the court shall thereupon commit the defendant to the central state hospital (if male) or the Winnebago state hospital (if female).

"(3) When the hospital superintendent considers that the defendant has recovered sufficiently to understand the proceedings against him and to assist in his own defense the hospital superintendent shall notify the committing court thereof. The court shall thereupon issue an order remanding the defendant to the custody of the sheriff pending further proceedings in the cause, but if the court finds that the defendant has not so recovered the defendant shall be recommitted to the hospital."

The problem which this statute presents is that by its terms it does not come into operation until the accused comes under the jurisdiction of a court as distinguished from that of a judge sitting as a magistrate. The statutory procedure for transferring an accused from before the magistrate to a court is by way of a bindover which occurs after probable cause has been established at a preliminary examination unless the latter is waived.[1] In

---

[1] See secs. 954.08 and 954.13, Stats.

Milwaukee county the bindover must be to circuit court while in all other counties it may be to either county or circuit court.[2] However, where a magistrate is reliably advised, as he was here, that the defendant is probably insane, it would be a denial of due process to conduct a preliminary hearing or to accept a waiver of the preliminary hearing.[3]

Sec. 954.08 (1), Stats., governing preliminary examinations, provides:

"As soon as may be, the magistrate shall swear and examine or permit the district attorney to examine the witnesses for the state, in the *presence of the defendant*, in relation to the crime charged in the complaint; *and they may be cross-examined. Then the witnesses for the defendant shall be sworn and examined* and may be cross-examined. The defendant may be assisted by counsel." (Italics supplied.)

The protections of personal presence of the defendant and his right to cross-examine witnesses and to call and examine witnesses in his own behalf, would be meaningless if defendant were insane within the meaning of sub. (2) of sec. 957.13, Stats., at the examination, even if represented by counsel.[4] An accused who lacks the ability to rationally consult with counsel and to understand the proceedings against him manifestly cannot benefit from

[2] Sec. 954.13 (1), Stats.

[3] In *Pate v. Robinson* (1966), 383 U. S. 375, 384, 86 Sup. Ct. 836, 15 L. Ed. (2d) 815, the supreme court stated: ". . . it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."

[4] The federal courts employ practically the same test, *i.e.*, "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States* (1960), 362 U. S. 402, 80 Sup. Ct. 788, 4 L. Ed. (2d) 824.

such an examination. In *Sparkman v. State*,[5] this court recognized the right to cross-examine the state's witnesses as a valuable right. It was therein stated:

"Other compelling reasons for requiring the defendant to be represented by counsel at least as early as the preliminary hearing include . . . furnishing of opportunity for effectively preparing the defense of cross-examining government witnesses at the preliminary, and the preservation of testimony of other witnesses which might be lost." [6]

We hold that a magistrate faced with the situation which confronted Judge SERAPHIM in the instant action should do exactly what he did, *i.e.*, bind defendant over to the court so that the court may proceed to determine the insanity issue pursuant to sec. 957.13, Stats., subject to defendant being returned to the magistrate for a preliminary examination when and if it is determined that he is capable of standing trial. While there is no express statutory authority for the foregoing, it is in keeping with the spirit of sec. 957.13. There appears to be no other satisfactory alternative procedure.

The court of criminal appeals of Oklahoma, in 1962, faced by statutory procedure, similar to that of this jurisdiction, held that a preliminary hearing was a prerequisite to a bindover to the district court for the resolution of defendant's sanity.[7] It further concluded that, if the defendant was found insane, the preliminary hearing was to be considered a "nullity" and after defendant regained his sanity he was to be reaccorded the right to a preliminary examination. We are in accord with the dissenting opinion in that case which stated: "A preliminary hearing afforded an insane person would be hollow mockery, and could only result in a frivolous nullity." [8]

[5] (1965), 27 Wis. (2d) 92, 133 N. W. (2d) 776.
[6] Id. at pages 99, 100.
[7] *Flint v. Sater* (Okla. 1962), 374 Pac. (2d) 929.
[8] Id. at page 938.

Furthermore, the right to a preliminary examination is statutory. It is not a constitutional right,[9] and, therefore, no constitutional problem is presented by the omission of the preliminary examination.

The jurisdiction of the circuit court in the instant case was not affected by the absence of a preliminary examination.[10]

However, a further constitutional issue arises by reason of the fact that the instant committal was made under the criminal procedure outlined in sec. 957.13, Stats., rather than the civil procedure of ch. 51. Once committed under the criminal procedure, sec. 957.13 (4) accords defendant the right to only one rehearing while under sec. 51.11 (8) he would be entitled to a rehearing annually as a matter of right. We deem this a denial of the equal protection of the laws absent a determination of the probability that defendant committed a felony.

Therefore, we conclude that the proper procedure to be followed by the circuit court, where a defendant is bound over by the magistrate to determine the issue of insanity, is to hold a hearing to establish whether it is probable that he committed the felony charged in the information. The information should first be filed but no plea thereto should be required.[11] If the defendant is without counsel, counsel should be provided with the right to cross-examine the state's witnesses and to call witnesses on behalf of the defendant. At the conclusion of this hearing a finding should be made on the issue of probable guilt. If this finding is in the affirmative then the

[9] *State v. Camara* (1965), 28 Wis. (2d) 365, 370, 137 N. W. (2d) 1; *State v. Strickland* (1965), 27 Wis. (2d) 623, 633, 135 N. W. (2d) 295; see also *Lem Woon v. Oregon* (1913), 229 U. S. 586, 33 Sup. Ct. 783, 57 L. Ed. 1340.

[10] *In re Weaver* (1916), 162 Wis. 499, 156 N. W. 459.

[11] Any court action on a motion or motions to dismiss based on the absence of a preliminary examination (sec. 955.18 (1), Stats.), shall be withheld until after a determination is made respecting the issue of the defendant's sanity.

court shall proceed to determine the insanity issue. If on the other hand the finding is that the state has failed to prove the probability that the defendant has committed the felony charged in the information, or all the felonies charged if there is more than one, the defendant should be discharged subject to the right of the court to temporarily detain him so as to permit civil proceedings to be instituted under ch. 51, Stats., to determine his mental competency.

The court is not unmindful that in the instant case each of the complaints for a warrant were sworn to by the victim before a judge of a court of record sitting as a magistrate. These complaints are entirely adequate to establish grounds for arrest but we hesitate to find them sufficient to support a court finding that it is probable that defendant committed the felonies charged. Complaints for issuance of a warrant may be grounded on an affidavit, if sufficient to meet the standards set forth in *State ex rel. White v. Simpson,*[12] without the affiant having personally appeared before the magistrate. Furthermore, even when the complainant appears personally and is sworn before the magistrate, the proceeding is *ex parte* without the right of cross-examination.

Inasmuch as no hearing was conducted by the circuit court to determine the probability that defendant committed the felony, or felonies, charged, before initiating the proceeding to determine insanity, the cause must be remanded for the holding of such a hearing and for a finding on such issue. If as a result of the hearing it is found that it is probable that defendant committed the felony, or felonies, charged, no further action of the court will be required until and unless defendant is reported to have recovered his sanity and is able to stand trial. On the other hand, if the finding is that the state has failed to establish that it is probable defendant committed either or both of the two felonies charged, the court shall

---

[12] (1965), 28 Wis. (2d) 590, 137 N. W. (2d) 391.

vacate the order of commitment entered February 3, 1966, and enter an order dismissing the charges against defendant, which dismissal shall be without prejudice. In the event of such vacation and dismissal, the court is authorized to enter an order temporarily detaining defendant in the custody of the department of public welfare in order to permit civil proceedings to determine defendant's mental competency.

Under the disposition herein made of the appeal from the order of February 3, 1966, defendant's basis of attack on the order entered January 25, 1966, denying the motions to dismiss has no merit, inasmuch as they were grounded on the failure to conduct a preliminary examination. The order of January 25, 1966, must accordingly be affirmed.

*By the Court.*—The order denying defendant's motion to dismiss is affirmed and cause remanded for further proceedings consistent with this opinion.