No. 24820.

JOHN HENRY SCHWADER ALSO KNOWN AS JOHN SCHWADER
*v.* THE DISTRICT COURT IN AND FOR THE TENTH JUDICIAL
DISTRICT, STATE OF COLORADO AND THE HONORABLE S.
PHILIP CABIBI, ONE OF THE DISTRICT JUDGES IN AND FOR THE
TENTH JUDICIAL DISTRICT, STATE OF COLORADO.

(474 P.2d 607)

Decided September 14, 1970. Rehearing denied October 5, 1970.

ROLLIE R. ROGERS, Colorado State Public Defender, J. E. LOSAVIO, JR., for petitioner.

CARL PARLAPIANO, District Attorney, DANIEL J. SEARS, Deputy, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

 THIS is an original proceeding under C.A.R. 21 by which the petitioner, John Henry Schwader, seeks a writ in the nature of prohibition to restrain the respondent District Court from holding a preliminary hearing on the charge of murder first filed in the county court against petitioner until a sanity hearing is held, pursuant to C.R.S. 1963, 39-8-6, which prescribes the procedure to be followed when an accused person becomes insane after the crime. C.A.R. 21 states, in part, that "relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction. . . ." We agree with petitioner that for the district court to proceed with a preliminary hearing under the facts here would be in excess of its jurisdiction and therefore the writ of prohibition is granted thereby rendering absolute the rule previously issued on the respondent.

Petitioner was charged with murder by complaint filed on April 13, 1970 in Pueblo County Court. On April 17, 1970, the district attorney requested a preliminary hearing which was set for April 28, 1970. Counsel for petitioner in a motion supported by a doctor's affidavit filed April 27, 1970 alleged the present insanity of the petitioner and his inability to comprehend the preliminary hearing proceeding. The motion requested that the preliminary hearing date be vacated and that further proceeding be stayed until this sanity issue is resolved pursuant to C.R.S. 1963, 39-8-6. After taking this motion under advisement, the county court vacated the preliminary hearing date and certified the matter to the district court for a sanity hearing and for any preliminary

hearing which might follow. Thereupon, the district attorney filed a direct information in the district court and the district court ordered that a preliminary hearing be held. Objection to this order was interposed on behalf of the petitioner based on the contention that the district court was proceeding in excess of its jurisdiction because a preliminary hearing could not be held until the question of the petitioner's sanity is first resolved as required by C.R.S. 1963, 39-8-6. The district court rejected this contention and ruled that no sanity hearing would be held prior to the preliminary hearing.

I.

Although the petitioner's main argument is that a preliminary hearing can not be held under the facts here until the issue of the petitioner's sanity is first resolved, he does in an ancillary way also challenge the validity of the information filed directly in the district court. It is the petitioner's interpretation of Crim. P.7(b)(2) and (3) based upon C.R.S. 1963, 39-5-1 that the county court under the facts here retains jurisdiction of the case for the purpose of a preliminary hearing and can certify only the question of the petitioner's sanity to the district court.

Although we agree that only the district court may conduct a sanity investigation or hearing, we disagree with the petitioner's interpretation that the county court under the facts here retains jurisdiction of the case for the purpose of a preliminary hearing. Under the special facts of this case, where the district attorney and not the defendant made the request for a preliminary hearing in the county court, we hold that the direct information filed in the district court is valid. See Crim. P. 7(b)(2)(i). The filing of the direct information in this case had the effect of closing out the jurisdiction of the county court. To hold otherwise in this case would result in a situation where the petitioner's case would have to be "ping-ponged" between the county court and the district court. The resulting confusion of process and pro-

cedure would further dim the concept of the orderly and speedy administration of justice.

■ The exclusive jurisdiction of the district court to conduct sanity investigations and hearings, with regard to all pleas of insanity, is vested in the district court. 1965 Perm. Supp., C.R.S. 1963, 39-8-1(4).

II.

The main inquiry is whether petitioner has a right to a hearing in the district court regarding his sanity prior to a preliminary hearing. Petitioner argues that C.R.S. 1963, 39-8-6 requires a sanity hearing if petitioner's state of mind is in question at the time of the preliminary hearing.

C.R.S. 1963, 39-8-6 is a lengthy section entitled "Insanity after crime or judgment," the relevant portions of which are as follows:

"(1) A person charged with the commission of a felony or a misdemeanor *who becomes insane after such commission shall not be tried* for the offense while his insanity continues . . . .

\* \* \*

"(3) . . . *the judge of the court in which the criminal charge against the defendant is or has been pending,* if he believes the defendant is insane or has a reasonable doubt thereto, of his own motion may impanel a jury to determine by its verdict whether such defendant has thus become and then is insane.

"(4)(a) [Where] it is alleged that the defendant has become thus insane, and such allegation is made in a verified petition filed in the court where the criminal charge is or has been pending . . . the judge of the court may make such investigation as to the condition of the defendant's mind as in his discretion he deems advisable. (b) If after such investigation the judge believes that the defendant has thus become and then is insane . . . *with all convenient speed,* he must impanel a jury to determine by its verdict whether the defendant has thus become and then is insane. . . ." (Emphasis added.)

 C.R.S. 1963, 39-8-6, requires that the person charged shall not be tried while his insanity continues; that if the judge, after investigating the matter of the defendant's sanity, believes that the defendant is insane, then he must with all convenient speed impanel a jury to determine the matter. The statute states that the trial judge must make an investigation and conduct a hearing *after the person is charged and before he is tried.* The question then is, how soon before trial should the issue of defendant's "present" sanity be determined?

 Crim. P. 5 (c) (2) states that at the preliminary hearing, the defendant "may cross-examine the witnesses called to testify against him and may introduce evidence in his own behalf..." Rule 5 (c) (3) is explicit in stating that the judge must find probable cause from *the evidence* presented, *i.e.,* all the evidence presented, not just the evidence presented by the prosecuting attorney. *Ross v. Sirica,* 380 F.2d 557. Therefore, because of the nature of a preliminary hearing, the right to counsel at a preliminary hearing reaches constitutional proportions. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. But the right to counsel is a meaningless right unless the accused has the capacity to confer with counsel regarding the accusation, the nature of the proceedings, and the testimony of the witnesses. The cases cited by petitioner and respondent indicate that when the preliminary hearing is held first and the sanity hearing second, if the outcome of the sanity hearing is that the defendant is presently insane, then upon his return to sanity another preliminary hearing must be held. *State v. McCredden,* 33 Wis. 2d 661, 148 N.W. 2d 33; *Flint v. Sater,* 374 P.2d 929 (Okl. Cr.).

 Finally, we note that the petitioner cannot complain if, upon the outcome of the sanity proceeding, he is committed to a state institution until he is competent to have a preliminary hearing. Crim. P. 7 (g) (2) provides that the preliminary hearing "shall be held within 30 days of the day of the setting, unless good cause for

continuing the hearing beyond that time be shown to the court." The matter of the defendant's sanity is "good cause." And the fact that the defendant may be committed to an institution for an indefinite period of time, pending the regaining of his sanity, affords, does not deny, the defendant due process. *United States v. Adams*, 296 F.Supp. 1150.

In accord with the above discussion, the respondent District Court is prohibited from holding a preliminary hearing before it resolves the pending issue of whether the petitioner is insane under the provisions of C.R.S. 1963, 39-8-6.

Rule made absolute.

MR. CHIEF JUSTICE MCWILLIAMS concurs in the result.