MR. JUSTICE HODGES
delivered the opinion of the Court.
Petitioner Hawkins brings this original proceeding, seeking a writ in the nature of mandamus to compel the respondent court to hold a trial de novo, pursuant to Crim. P. 37(g) and (i). We issued a rule directed to the respondent court to show cause why the requested relief should not be granted. Both parties have responded, and we now make the rule absolute, thus requiring the respondent court to try the case de novo rather than proceed with a normal appeal.
Petitioner Hawkins was charged in county court with soliciting for prostitution, in violation of Denver Ordinance 822.1-1(1). Until the trial itself, petitioner appeared pro se. At a hearing held on October 7, 1976, before County Court Judge Weadick, petitioner requested a trial by jury. The transcript of this hearing implies that County Court Judge Carelli had previously denied petitioner’s request for a trial by jury because the request allegedly was not filed within the required ten days following arraignment. See Crim. P. 23(a)(3). According to the petitioner, Judge Carelli had suggested that Judge Weadick might grant petitioner’s motion for trial by jury. Instead of ruling on the motion on October 7, Judge Weadick stated:
“We’ll have the motion the day of the trial; you come in, and we’ll hear the motion before the trial and see whether or not you’re entitled to a jury.”
*88 Trial was set for November 9, 1976.
There is no record of whether petitioner was given the promised hearing on November 9. A public defender was appointed to represent petitioner at the time the trial commenced. After a trial to the court on November 9, petitioner was found guilty. An appeal was filed on the ground that petitioner was erroneously denied a trial by jury. Petitioner requested a transcript of the record, including all proceedings before County Court Judges Carelli and Weadick, involving petitioner’s case.
Instead of all of the transcripts requested, the court reporter and judges submitted affidavits stating that no tape recordings existed of proceedings in petitioner’s case held on July 6 and 13, 1976; on August 31, 1976; or on November 9, 1976, the trial date. There is no record of any hearing on petitioner’s request for trial by jury, or, apparently, of his arraignment.
Subsequently, a tape recording of the November 9 trial surfaced. However, there is still no indication of whether petitioner was given a hearing on his request for trial by jury or what reasons the court might have given for denying the request.
When these deficiencies of the record became apparent, petitioner moved for a trial de novo pursuant to Crim. P. 37(g), which provides in part:
“If for any reason an adequate record cannot be certified to the district court the case shall be tried de novo in that court. . . .” (Emphasis added.)
Crim. P. 37(i) provides that all rules governing appeals from the county court to the district court shall be applicable to appeals taken to the Superior Court. The respondent Superior Court denied petitioner’s motion, and determined to proceed with the normal appeal procedure.
Petitioner filed this original proceeding to halt the appeal and to obtain a trial de novo. We hold that the respondent court is proceeding in excess of its jurisdiction by going forward with the normal appeal procedure under the record of this case.
Without the record of his arraignment and subsequent hearings on his right to trial by jury, petitioner has been denied his right to a meaningful appeal. Because his appeal depends on his claimed right to a trial by jury, the fact that a transcript of the trial itself exists is meaningless. The record here is totally inadequate for this appeal, as a matter of law. As indicated by the mandatory language of Crim. P. 37(g), our legal system recognizes that a defendant should not suffer for lack of a record, but should be afforded an entirely new trial. If a record is adequate, the respondent court must grant a trial do novo under Crim. P. 37(g). It has no discretion in the matter.
In failing to comply with the mandatory language of Crim. P. 37(g), the respondent court exceeded its jurisdiction, and an original *89 proceeding in this court is appropriate. Petitioner’s only other remedy would be to pursue a fruitless appeal and then petition this court for a writ of certiorari. We do not believe that forcing the petitioner to pursue a sham appeal provides him with a “plain, speedy, and adequate” remedy at law. See Weaver Construction Co. v. District Court, 190 Colo. 227, 545 P.2d 1042 (1976); Schwader v. District Court, 172 Colo. 474, 474 P.2d 607 (1970).
The rule is made absolute, and the Superior Court is directed to grant petitioner a trial de novo, including an arraignment.