The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

James F. **MATTHEWS,**
Defendant-Appellant.

No. 81CA0262.

Colorado Court of Appeals,
Div. II.

Jan. 27, 1983.

Rehearing Denied March 10, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Simons & Iuppa, Craig M. Cornish, Colorado Springs, for defendant-appellant.

PIERCE, Judge.

Defendant, James Frank Matthews, Jr., appeals the judgment entered on his 1980 jury conviction of first degree sexual assault. We reverse and remand.

The facts are undisputed. Defendant was charged with first degree assault. Shortly after the trial court allowed defendant's counsel to withdraw his appearance, it expressed "serious question as to [defendant's] competency," citing defendant's consistent failure or refusal to cooperate with counsel or the court and behavior generally characterized as "irrational." On its own motion, the trial court remanded defendant to the Denver County Jail for 30 days for psychiatric evaluation and set a due date for return of the physician's report and entry of its own preliminary finding. The court further advised defendant he would have the right to challenge the court's preliminary finding.

Three days later, defendant was brought before the court, and the court withdrew its order of commitment to the county jail. The court further stated that defendant was competent to proceed and set a trial date.

At the commencement of the trial, the court indicated it had received a letter from the evaluating physician who had been asked to conduct a mental examination of defendant. Based on the "evidence known to the court at this time," the court confirmed its belief that defendant was competent to proceed.

Upon conviction, defendant did not file a motion for new trial. Our review is therefore limited to whether the trial court committed an error of constitutional magnitude excusing defendant's failure to file a motion for new trial. Defendant contends such error occurred when, after raising the question of defendant's competency, the trial court failed to afford defendant the opportunity to rebut its findings of competency. *See* Crim.P. 33(a), and 52(b); *Vigil v. People,* 196 Colo. 522, 587 P.2d 1196 (1978). On this ground, we agree that the judgment of conviction must be reversed.

### I.

When a trial court has reason to believe a defendant incompetent, § 16–8–110, C.R.S. 1973 (1978 Repl.Vol. 8) requires the court to suspend a proceeding and determine the competency of defendant as provided in § 16–8–111, C.R.S.1973, (1978 Repl.Vol. 8). *Labor v. Gibson,* 195 Colo. 416, 578 P.2d 1059 (1978); *Parks v. District Court,* 180 Colo. 202, 503 P.2d 1029 (1972). When ruling on this question, § 16–8–111(1), C.R.S. 1973 (1978 Repl.Vol. 8) directs the court to make a preliminary finding "either that defendant is competent to proceed · or that he is not." After entering the preliminary finding, § 16–8–111(2), C.R.S.1973 (1978 Repl.Vol. 8) requires that:

> "The court shall immediately notify the prosecuting attorney and defense counsel of the preliminary finding. If neither the prosecuting attorney nor defense counsel requests, in writing, a hearing within a

time limit set by the court, the preliminary finding becomes a final determination."

 Though not characterized as such, the two findings made by the trial court were preliminary findings. They were: (1) a finding of competency to proceed three days after remanding defendant to the county jail for psychiatric examination; and (2) a finding of competency to proceed on the day trial was to commence. The same error was committed after rendering both findings.

 After these findings were made, the trial court was obligated under § 16–8–111(2), C.R.S.1973, to notify both defense and prosecution of the preliminary finding, and to set a time limit within which a hearing could have been requested prior to entry of a final determination. It is the opportunity to request a hearing, and rebut the preliminary findings of the trial court, which creates a check against the trial court's statutory discretion in the initial phases of any competency proceeding. *See* § 16–8–111(1), C.R.S.1973. Accordingly, a final determination of competency cannot be made by a trial court without first affording a defendant the opportunity to challenge its preliminary finding.

 By failing to immediately notify the defendant of its preliminary finding, and failing to set a time within which defendant could have requested a hearing to challenge its preliminary finding of competency, the trial court exceeded its jurisdiction and abused its discretion. *Jones v. District Court,* 617 P.2d 803 (Colo.1980); *cf. People v. Mack,* 638 P.2d 257 (Colo.1981).

### II.

Next, we must determine whether the actions of the court constitute a denial of constitutional due process. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972); *cf. People v. Myrick,* 638 P.2d 34 (Colo.1981). We hold that they do.

 Subjecting an accused to trial when he or she is incompetent violates due process of law. *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836,

15 L.Ed.2d 815 (1966); *Jones v. District Court, supra.* Consistent with this principle is the rule that due process is also violated when a trial court does not afford an accused an adequate hearing on his or her claimed incompetency to stand trial. *Jones v. District Court, supra; Parks v. District Court, supra.* When an event which triggers a complete inquiry into the issue of a defendant's competency occurs, and a trial court fails to afford a defendant an opportunity for a full inquiry, there is a denial of defendant's constitutional right to a fair trial. *See Pate v. Robinson, supra.* Furthermore, although defendant's interactions with the trial court, as well as other behavior, may be indicative of a defendant's competency or sanity, such demeanor is relevant only to the ultimate determination of competency or sanity, and cannot be relied upon by a trial court to dispense with the hearing on the very issue of competency or sanity. *Pate v. Robinson, supra; People v. Stankewitz,* 32 Cal.3d 80, 184 Cal.Rptr. 611, 648 P.2d 578 (1982).

██ That the issue of defendant's competency here was raised by the trial court, and not by defendant's counsel prior to withdrawal, or by his advisory counsel appointed therafter, does not result in a weakening of the imperative that defendant be afforded an adequate hearing on his competency. Although the "triggering event" in *Pate* was that of "substantial evidence" presented to the court which raised doubt as to defendant's competency, we need only be concerned with compliance with the pertinent provisions of our statute, §§ 16–8–110 and 16–8–111, C.R.S.1973 (1978 Repl.Vol. 8), which prescribe certain procedures for determination of an individual's competency after it is questioned. Thus, the triggering event here was the trial court's "serious question as to defendant's competency." Thereafter, those procedures for the final determination of defendant's competency found in § 16–8–111(2), C.R.S.1973 (1978 Repl.Vol. 8) should have been followed. The trial court here relied instead upon its own observations of defendant. It then dispensed with those procedures mandated by statute for arriving at a final determination of competency.

██ Neither a trial court's violation of a mandatory statute, abuse of discretion, nor an excess of jurisdiction, either separately or together, necessarily results in a deprivation of an individual's constitutional rights. *Cf. People v. Green,* 658 P.2d 281 (Colo.App.1983). The doctrine, however, which excuses, as harmless, error of constitutional dimension is to be sparingly applied. *People v. Myrick, supra.* Therefore, constitutional errors may be characterized as harmless only when the case against a defendant is so overwhelming that the constitutional violation is harmless beyond a reasonable doubt. *See People v. Myrick, supra,* and cases cited therein. In the instant case, this test is not met. We hold, therefore, that here, the trial court's noncompliance with those statutory procedures set forth in §§ 16–8–110 and 16–8–111, C.R. S.1973 (1978 Repl.Vol. 8), which provide those safeguards necessary to insure against the prosecution of an incompetent defendant, constitutes error so prejudicial as to be characterized as one of constitutional deprivation. *People v. Barker, supra.*

### III.

██ Retrospective determination of defendant's mental competency during his trial will not cure the error. *Pate v. Robinson, supra.* Therefore, if the People elect to retry the defendant, he may raise the question of his competency to stand trial at that time and request a hearing thereon. If found competent to stand trial, defendant will then have at his disposal the usual defenses available to an accused. *Drope v. Missouri, supra; Pate v. Robinson, supra; People v. Stankewitz, supra; cf. State v. Wright,* 19 Wash.App. 381, 575 P.2d 740 (1978); *State v. Fox,* 112 Ariz. 375, 542 P.2d 800 (1975).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

BERMAN and STERNBERG, JJ., concur.