The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Lewis ARKADIE, Jr., Defendant-Appellant.

No. 82CA1236.

Colorado Court of Appeals, Div. III.

Aug. 2, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Denied (People) Dec. 10, 1984.

Certiorari Denied (Arkadie) Dec. 17, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie J. McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Lewis Arkadie, Jr., appeals his conviction following a jury trial of unlawful use of explosives and incendiary devices and of attempted first degree arson. He contends that the trial court erred 1) in refusing his attorney's request for a competency examination of defendant, 2) in failing to follow the requirements of the competency statute, 3) in inadequately advising him of the ramifications of proceeding to trial *pro se*, and 4) in refusing to admit evidence concerning the victim's state of mind. We reverse and remand for a new trial.

The morning of defendant's jury trial, his attorney requested that the court order a competency evaluation of the defendant and continue the trial for no more than two or three weeks. He stated:

> "I think there is a question that he is unable to aid me in preparation of his defense. At this point, there are certain things that he refused to disclose to me because he feels I am somewhat of an agent of the District Attorney, he feels that I am limited by certain rules of court to the presentation of evidence in a certain manner, and for that reason hasn't been able to tell me certain things. The things that he has told me conflict somewhat with what I would present as his defense."

The trial court denied the motion without making any findings, other than to say, "Mr. Arkadie I understand is a very difficult client but we allowed the public defender to withdraw because he's difficult and he chooses to be that way. At some point we've got to go ahead and try it so we're going to try it."

Counsel then moved to withdraw, stating that he felt he would be compromised if he were to remain as defendant's attorney. Defendant told the court that he was waiving the right to be represented by an attorney and asked that his attorney be kept on as advisory counsel. After advising the defendant, the trial court allowed him to proceed *pro se*, with advisory counsel.

I.

Defendant contends the above actions of the trial court constitute reversible error in that the trial court failed to follow the mandate of § 16–8–111(1), C.R.S. (Repl.Vol. 8), which provides that, when the issue of a defendant's competency is raised, the trial court must make a preliminary finding of competency or incompetency, and notify

counsel for both parties of that preliminary finding. If neither counsel requests in writing a hearing within a time limit set by the court, the preliminary finding then becomes a final determination. The People argue that the defendant's attorney did not seriously raise the issue of defendant's incompetency, and so the court was not required to follow the statute.

Our holding in *People v. Matthews,* 662 P.2d 1108 (Colo.App.1983) is dispositive. There, as here, the trial court failed to set a time limit within which a competency hearing could have been requested and that omission was held to be reversible error. Once the issue of competency is raised by counsel, the trial court must consider that representation to be a serious one for purposes of the requirements of the statute. *Jones v. District Court,* 617 P.2d 803 (Colo.1980).

Since the statutory requirements were not followed, defendant's conviction must be reversed. *People v. Matthews, supra.*

## II.

Defendant's contention, that the trial court should have admitted irrelevant hearsay testimony concerning the victim's state of mind, is without merit. CRE 401 and 402. Defendant's further contention, that he received an inadequate advisement concerning his *pro se* representation, is also without merit. *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980).

Finally, we note that defendant has filed a brief *pro se* in this court, asserting several grounds for reversal based on his belief that certain witnesses testified untruthfully. Those arguments also are without merit.

The judgment of conviction is reversed, and the cause is remanded to the trial court for a new trial.

KELLY and TURSI, JJ., concur.