Jerry COOLBROTH, Petitioner,

v.

DISTRICT COURT OF the SEVEN-
TEENTH JUDICIAL DISTRICT In and
For the COUNTY OF ADAMS, State of
Colorado, and the Honorable Thomas
R. Ensor, One of the Judges thereof,
Respondents.

No. 88SA182.

Supreme Court of Colorado,
En Banc.

Dec. 19, 1988.

David F. Vela, State Public Defender, Todd L. Nelson, Deputy State Public Defender, Brighton, for petitioner.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for respondents.

QUINN, Chief Justice.

In this original proceeding the petitioner, Jerry Coolbroth, who is charged with second degree murder in the Adams County District Court, challenges the district court's ruling that section 16–8–110(1), 8A C.R.S. (1986), which allows an incompetent defendant to be tried on the issue raised by a plea of not guilty by reason of insanity, is violative of due process of law. We issued a rule directing the district court to show cause why its ruling should not be vacated and why an insanity trial should not be rescheduled. Because we conclude that permitting a criminally accused who is incompetent to be tried on the issue raised by an insanity plea is violative of due process of law, U.S. Const. amend. XIV; Colo. Const. art. II, sec. 25, we discharge the rule to show cause.

A direct information was filed in the Adams County district court charging Coolbroth with first degree murder after deliberation, § 18–3–102(1)(a), 8B C.R.S. (1986). The charge arose out of the fatal beating of a 91 year old resident of a nursing home on January 17, 1988. When the information was filed, the prosecution raised the question of Coolbroth's competency to proceed, and the district court ordered Coolbroth committed to the Colorado State Hospital for a competency examination. An extensive psychiatric report was filed with the court on March 2, 1988, in which Dr. Linda Reinstein, a staff psychiatrist at the hospital, concluded that Coolbroth was currently incompetent to proceed. The doctor, however, was unable to make any determi-

nation as to Coolbroth's sanity at the time of the commission of the alleged offense.

The district court, after receiving the report, conducted a preliminary hearing on May 6, 1988, and made a finding of probable cause on the lesser offense of second degree murder. Coolbroth, through his counsel, then entered a plea of not guilty by reason of insanity,[1] and the court, over the district attorney's objection, set the case for trial on the issue of sanity on August 29, 1988, and for trial on the merits on October 5, 1988. After setting these trial dates, the court on June 1, 1988, made a finding that the defendant was incompetent to proceed. Neither the district attorney nor defense counsel challenged that finding. Instead, the district attorney filed a motion to strike the insanity plea and the scheduled trial dates on the basis that the court's finding of incompetency precluded Coolbroth from understanding the nature and consequences of the insanity plea and from assisting in his defense on the trial of the insanity issue.

The district court, on June 3, 1988, ruled that section 16–8–110(1) was violative of due process of law insofar as it permits an accused who is presently incompetent to be tried on the issue of insanity. The court vacated the sanity trial, but permitted the insanity plea to stand, and three days later, on June 6, the court committed Coolbroth to the department of institutions by reason of his incompetency to proceed.

■ The question in this proceeding is whether a criminally accused has a right to be tried on his plea of not guilty by reason of insanity even though he has been found to be incompetent to proceed to trial and has not yet been restored to competency. For reasons hereinafter stated, we conclude that the Due Process Clauses of both the United States and Colorado Constitutions, U.S. Const. amend. XIV; Colo. Const. art. II, sec. 25, prohibit a court from placing an incompetent defendant on trial with respect to the issue raised by an insanity

---

1. At arraignment Coolbroth, through counsel, also asserted the affirmative defense of im-

paired mental condition pursuant to section 16–8–103.5, 8A C.R.S. (1986 & 1988 Supp.).

plea until such time as the defendant is restored to competency.[2]

Section 16–8–110(1), 8A C.R.S. (1986), was enacted in 1972 as part of the Colorado Code of Criminal Procedure and became effective on July 1, 1972. Ch. 44, secs. 1 & 9, § 39–8–110(1), 1972 Colo.Sess.Laws 190, 229, and 268. That section states in relevant part as follows:

> Except for trial of the issue raised by a plea of not guilty by reason of insanity, no person shall be tried, sentenced, or executed if he is incompetent to proceed at that stage of the proceedings against him.

■ Incompetency relates to the mental capacity of the accused to defend against a criminal charge. A criminally accused is incompetent to proceed when he "is suffering from a mental disease or defect which renders him incapable of understanding the nature and course of the proceedings against him or of participating or assisting in his defense or cooperating with his defense counsel." § 16–8–102(3), 8A C.R.S. (1986). Under Colorado's statutory scheme, when a court makes a finding of incompetency and neither the prosecution nor the defense requests a hearing on the issue of competency, the court's finding becomes a final determination.

§ 16–8–111(2), 8A C.R.S. (1986). A final determination of incompetency requires the court to commit the defendant to the custody of the department of institutions or to some other appropriate treatment facility until he is restored to competency. §§ 16–8–112(2) and –113, 8A C.R.S. (1986). Any period during which the defendant is incompetent to stand trial is excluded from the statutory speedy trial period. § 18–1–405(6)(a), 8B C.R.S. (1986). Once the defendant is restored to competency, the criminal prosecution against him may be resumed. § 16–8–114, 8A C.R.S. (1986).[3]

■ In contrast to incompetency, insanity relates to the mental state of the defendant at the time of the act charged against him as a crime and is an affirmative defense to the crime. A person is legally insane when he "is so diseased or defective in mind at the time of the commission of the act as to be incapable of distinguishing right from wrong with respect to that act." § 16–8–101(1), 8A C.R.S. (1986). "Mental capacity to commit a crime is a material part of total guilt for there can be no crime without the *mens rea*." *People ex rel. Juhan v. District Court*, 165 Colo. 253, 265, 439 P.2d 741, 747 (1968). A plea of not guilty by reason of insanity includes the

2. Coolbroth's petition filed in this court challenges only that part of the district court's ruling which vacated the insanity trial. Because, however, Coolbroth was found to be incompetent, and was obviously so at the time of arraignment, the district court should re-arraign Coolbroth if and when he is restored to competency and the criminal prosecution is resumed.

3. Section 16–8–114.5, 8A C.R.S. (1986), addresses the procedures to be followed in those instances when there is no reasonable prospect of the defendant being restored to competency within the period equal to the maximum term of confinement that could be imposed for the offense charged, less good time credits. The statute states:

> (1) A defendant committed to the department of institutions or otherwise confined as a result of a determination of incompetency to proceed shall not remain confined for a period in excess of the maximum term of confinement which could be imposed for the offenses with which he is charged less minimum good time to which he would be entitled under section 17–22.5–101, C.R.S.

> (2) The court shall review the case of a defendant committed or confined as incompetent to proceed at least every six months with regard to the probability that the defendant will eventually be restored to competency and with regard to the justification for continued commitment or confinement. Such review may be held in conjunction with a restoration hearing under section 16–8–113. Prior to each such review, the institution treating the defendant shall provide the court with a report regarding the competency of the defendant. If, on the basis of the available evidence, not including evidence resulting from a refusal by the defendant to accept treatment, there is a substantial probability that the defendant will not be restored to competency within the foreseeable future, the court shall terminate the criminal proceeding and the commitment or treatment order under section 16–8–112(2) and shall either order the release of the defendant or the commencement of civil proceedings under the provisions of article 10 of title 27, C.R.S.

plea of not guilty, § 16–8–103(1), 8A C.R.S. (1986), and is a plea in the nature of confession and avoidance. *See People v. Chavez,* 629 P.2d 1040, 1047 (Colo.1981). By asserting that defense, the defendant admits the act charged but denies criminal culpability on the basis of a mental disease or defect which, by reason of its existence at the time of the act, serves to relieve him of criminal responsibility for his conduct. *Id.* The issue raised by an insanity plea must be tried separately to a different jury prior to any trial on the issue of guilt, with the prosecution bearing the burden of proving sanity beyond a reasonable doubt once any evidence of insanity is introduced. §§ 16–8–104 and –105(2), 8A C.R.S. (1986). If the defendant is found sane, he then is tried on the issue raised by the plea of not guilty. § 16–8–105(3), 8A C.R.S. (1986). If found not guilty by reason of insanity, the defendant is committed to the custody of the department of institutions until such time as he is found to be eligible for release. § 16–8–105(4), 8A C.R.S. (1986).

■ Since a verdict of not guilty by reason of insanity is an adjudication of nonguilt on the criminal offense charged against the defendant, *see People ex rel. Juhan,* 165 Colo. at 258–60, 439 P.2d at 744–45, an insanity trial must be regarded as a critical stage of the criminal prosecution. To permit an incompetent defendant to proceed to trial on the issue of insanity would place him in a position of defending on the essential culpability element of the charge when, by reason of a mental disease or defect, he is incapable of making any meaningful defense at all. The prohibition against such a proceeding has its historical analogue in the common law ban "against trials *in absentia;* the mentally incompetent defendant, though physically present

in the courtroom, is in reality afforded no opportunity to defend himself." *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103, 113 (1975) (quoting Foote, *A Comment on Pretrial Commitment of Criminal Defendants,* 108 U.Pa.L.Rev. 832, 834 (1960)). Since an incompetent defendant is, by definition, incapable of participating in his defense, it is virtually impossible to say with any assurance that an adjudication resulting from an insanity trial of an incompetent defendant would represent a fair and just determination of the mental element of the offense placed in issue by an insanity plea. *Parks v. District Court,* 180 Colo. 202, 209, 503 P.2d 1029, 1033 (1972). In short, putting such a person to trial would be the very antithesis of due process of law. *Drope,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *see also Schwader v. District Court,* 172 Colo. 474, 474 P.2d 607 (1970) (when issue of defendant's competency has been raised and supported by doctor's affidavit, court is prohibited from holding preliminary hearing on criminal charge until defendant's competency is resolved).[4] The mental competency of a defendant placed on trial is so basic to our concept of fundamental fairness that a claim of incompetency to stand trial cannot be waived. *Jones v. District Court,* 617 P.2d 803, 806 (Colo.1980); *see also Drope,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

In *Parks v. District Court,* 180 Colo. 202, 503 P.2d 1029, this court considered whether it was permissible to subject a defendant to a trial on the issue raised by an insanity plea when his competency to stand trial had been questioned and had not yet been resolved. After pointing out that "[i]nsanity at the time of the commission of

---

4. In contrast to this court's decision in *Schwader v. District Court,* 172 Colo. 474, 474 P.2d 607 (1970), section 16–8–112(4), 8A C.R.S. (1986), which was enacted in 1981, states that a determination of incompetency "shall not preclude a continuation of the proceedings by the court to consider and decide matters, including a preliminary hearing and motions, which are susceptible of fair determination prior to trial without the personal participation of the defendant." Since an insanity trial obviously is not within

the category of matters that can be decided without the personal participation of the defendant, there is no need to express any opinion here on either the scope or constitutional propriety of section 16–8–112(4). *Cf. Jackson v. Indiana,* 406 U.S. 715, 740–41, 92 S.Ct. 1845, 1859, 32 L.Ed.2d 435, 452 (1972) (suggesting that states are not precluded from allowing an incompetent defendant to raise certain defenses, such as sufficiency of indictment, or to make certain pretrial motions, through counsel).

the offense is . . . a complete defense to the criminal charge," and that the resolution of the insanity defense "requires a full hearing" at which "the accused must be able to understand and assist his counsel in his defense," the court concluded:

> The primary purpose of the hearing to determine the competency of an accused to stand trial is to ascertain whether he has sufficient mental capacity to know the nature of the charge and to cooperate with his counsel in his defense. Such a determination must be made before the issues raised by the insanity plea are tried.

180 Colo. at 210, 503 P.2d at 1033. Although *Parks* was decided in 1972, before section 16–8–110(1) became effective, the reasoning of that decision is no less compelling today than it was then.

We cannot overlook the fact that the district attorney has a significant interest in preserving the integrity of a criminal prosecution. If an incompetent defendant were to undergo an insanity trial and be adjudicated not guilty by reason of insanity, a rather compelling due process claim could be made that he should be released from the insanity commitment for the simple reason that, by virtue of his prior incompetency, he was incapable of understanding the nature and effect of the insanity defense and that if he had been compe-

tent he would not have raised that defense at all. Similarly, if an incompetent defendant were to be adjudicated sane at a trial on the issue raised by an insanity plea, an equally compelling argument could be made that, even though such defendant might have been subsequently restored to competency and found guilty of the charge, his prior incompetency at the time of the sanity trial deprived him of any meaningful opportunity to assist in his defense on that aspect of the mental element of the charge which is necessarily placed in issue by an insanity plea. Placing an incompetent defendant on trial for a basic culpability element of a crime would vitiate the adjudicatory process itself and the validity of any final judgment.

We therefore conclude that section 16–8–110(1), to the extent that it allows an accused to be tried on the issue of insanity notwithstanding a judicial finding that he is incompetent to proceed, violates due process of law as guaranteed by the United States and Colorado Constitutions. We accordingly discharge the rule.